State vs. Young.

## No. 10,156.

### STATE OF LOUISIANA vs. JESSIE YOUNG.

In considering bills of exception which contain conflicting recitals by counsel and by the
trial judge, the Supreme Court will be guided by the statements made by the judge.

APPEAL from the Fifteenth Judicial District Court, Parish of
St. Landy.  *Lewis*, J.

*M. J. Cunningham*, Attorney General, and *John N. Ogden*, District
Attorney, for the State.

*E. P. Veazie* and *Chas. W. Duroy* for defendant.

The opinion of the Court was delivered by

POCHÉ, J.  Appellant, who was convicted of manslaughter under
an indictment for murder, complains of an erroneous ruling of the
trial judge made under the following circumstances :

During the examination of a State witness, who was a deputy
sheriff, the district attorney asked him the following question :

"Did the accused run away when he struck the man ?"  To which
the witness gave the following answer:  "I was so informed when I
first arrived at the place where the killing was done."

The bill informs us that counsel for the accused objected to the
evidence, but the recital is conflicting as to the precise objections
which they urged.

That part of the bill which was drawn by the attorneys of the
defendant contains the statement that the objections were that the
evidence was inadmissible, because it was parol testimony, and
because it was hearsay.

But the latter portion of the statement is denied by the trial judge,
who declares very emphatically that the only objection urged by
counsel was the ground that flight could not be proved by parol
testimony.

Thus the case presents one of those frequently occurring and withal
very unpleasant conflicts of statements between counsel and the
trial judge.

In keeping with the well established rule, we must be guided by the
statement which emanates from the judge.

We can but repeat here what we said in the case of Waggoner, 39
Ann. 920 :  "With due deference to counsel, we must be guided by
the bill which is the recital of the incident under the signature of the
trial judge.  We have had frequent occasions to announce and to

follow this rule, which we feel compelled to adhere to, as long as proper means are not resorted to or provided for the purpose of adjusting differences of that nature which arise between judge and counsel."

Under the judge's version, the objection remains without force, as it is clear that parol testimony is competent to prove flight of an accused in a criminal trial.

Defendant's counsel had reserved two other bills, but as they do not refer to either of them in their brief, we pass them over with like silence.

Judgment affirmed.